**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTOINE WASHINGTON, #B-71481, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–01782−SMY |
| | ) | |
| BOBBY BLUM and | ) | |
| JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Antoine Washington, an inmate who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that Bobby Blum (nurse practitioner) and Jane Doe (nurse) denied him adequate medical treatment for his hypertension at Pinckneyville in retaliation for bringing a lawsuit against medical staff in *Washington v. Cook Cnty. Jail*, No. 15-cv-3960 (N.D. Ill.). (Doc. 1). He now seeks monetary relief against the defendants for violations of his rights under the First, Eighth, and Fourteenth Amendments. (Doc. 1, p. 9).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff has a history of hypertension and stroke(s). (Doc. 1, pp. 5-8). He relies on prescription medication to control his blood pressure and to prevent another stroke or heart attack. After running out of medication on March 21, 2018, Plaintiff requested a prescription refill from an unknown nurse ("Jane Doe") in House 5 (Wing B). The nurse instructed him to submit a sick call slip and $5 copayment to meet with a nurse about his request and an additional sick call slip and $5 copayment to meet with a doctor.

By the time Plaintiff met with Nurse Practitioner Bobby Blum on March 29, 2018, his blood pressure was elevated (139/106). Blum reviewed Plaintiff's medical records and noted his history of hypertension and stroke(s). Before authorizing a prescription refill, Blum instructed Plaintiff to submit another sick call request and $5 copay.

Plaintiff was denied medical treatment for his hypertension from March 21, 2018 until April 2018, in violation of Wexford's hypertension guidelines. He suffered from headaches and chest pain that are symptomatic of high blood pressure. The defendants' inaction was retaliatory because it coincided with a judgment Plaintiff received in a case against medical staff in February 2018. *See Washington v. Cook Cnty. Jail*, No. 15-cv-3960 (N.D. Ill.).

Plaintiff asserts a First Amendment retaliation claim, Eighth Amendment deliberate indifference claim, and Fourteenth Amendment due process/equal protection claim against the defendants. *Id*.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

2

**Count 1:** Eighth Amendment deliberate indifference to medical needs claim against Doe and Blum for failing to timely treat Plaintiff's hypertension in March and April 2018.

**Count 2:** First Amendment retaliation claim against Doe and Blum for failing to timely treat Plaintiff's hypertension in retaliation for bringing a lawsuit against medical providers in *Washington v. Cook Cnty. Jail*, No. 15-cv-3960 (N.D. Ill.).

**Count 3:** Fourteenth Amendment equal protection and/or due process claim against Doe and Blum for the denial of medical treatment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

To state an Eighth Amendment claim for the denial of medical care, Plaintiff must allege sufficient facts to show that he suffered from a sufficiently serious medical condition (objective standard), and that state officials responded to it with deliberate indifference (subjective standard). *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). Hypertension is a serious condition. *See Miller v. Larson*, App. No. 18-2347, 2018 WL 6584907 (7th Cir. Dec. 14, 2018); *Jackson v. Pollion*, 733 F.3d 786, 789 (7th Cir. 2013); *Ortiz v. City of Chicago*, 656 F.3d 523, 526, 533 (7th Cir. 2011). Left untreated, it can cause arterial damage, heart attacks, and strokes. *Id*. However, a temporary interruption in treatment for the condition does not necessarily result in serious harm or support a constitutional claim.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

In this case Plaintiff describes a 10- to 40- day delay in treatment that coincided with elevated blood pressure, headaches, and chest pain. Whether this delay was sufficiently long or detrimental to support an Eighth Amendment claim remains to be seen. *See, e.g., Jackson*, 733 F.3d at 789 (3-week interruption in blood pressure medication that caused prisoner's blood pressure to peak at 142/78, as compared to the "top normal range" of 140/90, was not objectively serious). However, construed liberally, the allegations satisfy the objective component of this claim at screening.

With that said, the allegations do not suggest that Nurse Doe acted or failed to act with deliberate indifference. Plaintiff describes a single encounter with the nurse on March 21, 2018. She responded to his initial request for a prescription refill with detailed instructions for obtaining the refill and further medical treatment. Plaintiff did not complain of high blood pressure or related symptoms at the time. He describes no subsequent encounters with this defendant. Accordingly, this claim will be dismissed without prejudice as to Nurse Doe.

Count 1 shall receive further review against Defendant NP Blum. When Plaintiff met with Blum on March 29, 2018, his blood pressure was elevated to 139/106, which was above the "top normal range" of 140/90. Plaintiff also complained of headaches and chest pain during that visit. Blum reviewed Plaintiff's medical records and learned of his significant medical history and lack of medication, but did not authorize a prescription refill or any other relief.[2] These allegations are sufficient to support a deliberate indifference claim against Blum.

---

[2] The allegations suggest that Blum required Plaintiff to pay another $5 copayment before receiving further treatment. The Eighth Amendment does not compel prison officials to provide cost-free medical treatment to those inmates who can afford to contribute. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). Therefore, the imposition of a modest fee for services does not violate the Constitution, particularly where a plaintiff simply refuses to pay the fee.

## Count 2

To establish a prima facie case of retaliation under the First Amendment, a plaintiff must establish that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). Here, Plaintiff alleges that the defendants retaliated against him for bringing a prior lawsuit against Cook County medical staff by refusing to treat his hypertension. However, he relies on mere assertions and conclusory legal statements in support of this claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

In order to state a viable retaliation claim, Plaintiff must set forth allegations suggesting that Doe and/or Blum were motivated, in part, by Plaintiff's First Amendment activity when deciding on the appropriate course of treatment for his hypertension. The Complaint offers insufficient facts in this regard. Accordingly, Count 2 will be dismissed without prejudice against both defendants.

## Count 3

Plaintiff also relies on unsupported assertions and conclusory legal statements to support his Fourteenth Amendment claims. Moreover, in the context of medical claims brought by convicted persons, the Eighth Amendment's prohibition against cruel and unusual punishment provides the primary source of substantive protection, not the Fourteenth Amendment. As Plaintiff has not stated an independent claim under the Due Process or Equal Protection Clauses of the Fourteenth Amendment against the defendants. Count 3 will be dismissed without prejudice for failure to state a claim.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** survives preliminary review under 28 U.S.C. § 1915A and will receive further review against Defendant **BOBBY BLUM**.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendant **JANE DOE**, and **COUNTS 2** and **3** are **DISMISSED** without prejudice against Defendants **BOBBY BLUM** and **JANE DOE** for failure to state a claim upon which relief may be granted.

As to **COUNT 1,** Plaintiff has neither sought nor been granted leave to proceed *in forma pauperis* in this action, and the Court will not automatically appoint the United States Marshal to effect service of process upon Defendant **BOBBY BLUM.** If Plaintiff desires to request the appointment of the United States Marshals to serve process on these Defendants, **IT IS ORDERED** that Plaintiff **SHALL FILE** a Motion for Service of Process at Government Expense, within 28 days of entry of this order (on or before **January 30, 2019**). The Clerk of Court is **DIRECTED** to send Plaintiff a blank Motion for Service of Process at Government Expense.

If Plaintiff does not timely file a Motion for Service of Process at Government Expense, it shall be Plaintiff's responsibility to have Defendant **BOBBY BLUM** served with a summons and copy of the Complaint pursuant to Federal Rule of Civil Procedure 4.[3] Plaintiff is advised that only a non-party may serve a summons. FED. R. CIV. P. 4(c)(2).

If Plaintiff requests the appointment of the United States Marshals, the Clerk of Court shall prepare a summons and copy of the Complaint and this Memorandum and Order for the Defendant and shall forward the same to the United States Marshals for service. If Plaintiff does not file a motion for service of process at government expense within 28 days as ordered, the Clerk shall

---

[3] Federal Rule of Civil Procedure 4(m) provides that service on each defendant must be accomplished within 90 days.

then prepare a summons for each Defendant and shall forward the summons and copies of the Complaint and this Memorandum and Order to Plaintiff so that he may have Defendants served.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings. Further, this entire matter is **REFERRED** to United States Magistrate Judge **Daly** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/2/2019**

                                              s/ STACI M. YANDLE
                                              **U.S. District Judge**

## Notice

After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.