IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  18-cv-1782-RJD |
| | ) |
| BOBBY BLUM, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Antoine Washington, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging he was denied adequate medical treatment for his hypertension while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville").  Plaintiff is proceeding in this action on an Eighth Amendment deliberate indifference claim against Nurse Practitioner Bobby Blum for failing to timely treat Plaintiff's hypertension in March and April 2018.

This matter is now before the Court on Defendant Blum's Motion for Summary Judgment on the Merits (Doc. 42).  Along with his motion, Defendant filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to his motion within thirty days and advising him of the perils of failing to respond (*see* Doc. 44).  Plaintiff did not file a response.  For the reasons set forth below, Defendant's motion is **GRANTED**.

**Factual Background**

Plaintiff was transferred to Pinckneyville on March 9, 2018 (*see* Doc. 43-1 at 16).  Upon his transfer, Plaintiff underwent an intake screening with a licensed practical nurse (*see id.*). The

intake screening nurse noted Plaintiff suffered from hypertension and had possibly suffered a stroke in 2014 (*see id.* at 15-16).  Shortly after his transfer, on March 30, 2018, Plaintiff saw Defendant Nurse Practitioner Blum in the chronic clinic to address his hypertension (Deposition of Plaintiff Antoine Washington, Doc. 43-2 at 7; Declaration of Bob Blum, Doc. 43-3 at ¶ 6; *see* Doc. 43-1 at 24-25).  Plaintiff and Defendant Blum discussed his medical history and Plaintiff told Plaintiff he had suffered a stroke in the past (Doc. 43-2 at 7).  Defendant Blum reviewed Plaintiff's blood test results and his list of currently prescribed medications (Doc. 43-3 at ¶ 7). During Defendant Blum's examination, Plaintiff's blood pressure was 156/104 (*Id.* at ¶ 8; *see* Doc. 43-1 at 24).   Defendant Blum ordered that Plaintiff receive a dose of Clonidine, which was given to Plaintiff while he was in the office, to treat his high blood pressure (Doc. 43-2 at 7; Doc. 43-3 at ¶ 9; *see* Doc. 43-1 at 25).   Plaintiff told Defendant Blum that he had been out of his prescription medication for 2-3 weeks (Doc. 43-3 at ¶ 10; *see* Doc. 43-1 at 25).  Defendant Blum saw that Plaintiff had active orders for his medications (including medication for hypertension) that were valid through November 2018, and included a note in Plaintiff's medical record that his medications were to be refilled as ordered (Doc. 43-3 at ¶¶ 11-12; *see* Doc. 43-1 at 25). Following this appointment, Plaintiff was sent back to his cellhouse and was not moved to the infirmary or otherwise monitored to see if his blood pressure decreased (Doc. 43-2 at 7).

Plaintiff testified he saw Defendant Blum on two other occasions, the first of which occurred approximately 30 or 40 days after his March 30, 2018 examination (Doc. 43-2 at 7). However, Defendant Blum was on a medical leave of absence from April 11, 2018 and did not return to Pinckneyville in 2018 (Doc. 43-3 at ¶ 17).   There are also no medical records evidencing any further examination conducted by Blum on Plaintiff relevant to this lawsuit.

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

Plaintiff is proceeding in this action on an Eighth Amendment claim of deliberate indifference against NP Blum for his alleged failure to treat Plaintiff's hypertension in March and April 2018.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, Plaintiff must show first that his condition was "objectively, sufficiently serious" and second, that the "prison officials

acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

With regard to the first showing, the following circumstances could constitute a serious medical need: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *see also Foelker v. Outagamie Cnty.,* 394 F.3d 510, 512-13 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

A prisoner must also show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'." *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even recklessness as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823, F.2d 1068, 1072 (7th Cir. 1987). Put another way, the plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. A factfinder may also conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. *Id.* (internal quotations omitted).

Defendant Blum does not address whether Plaintiff's hypertension is a serious medical

need and, as such, the Court considers this issue conceded for purposes of this order. Defendant Blum, however, argues he provided medical care and treatment that exceeded the deliberate indifference standard necessary for a finding of a constitutional deprivation. The Court agrees. The competent evidence in the record establishes Defendant Blum saw Plaintiff on one occasion relevant to this lawsuit. During Blum's March 30, 2018 examination of Plaintiff, Blum prescribed, and a nurse dispensed, medication to reduce Plaintiff's blood pressure. Defendant Blum also noted Plaintiff's prescriptions were all current and should be refilled as prescribed. While Plaintiff may disagree with Defendant Blum's treatment, and believes Blum should have monitored his blood pressure after providing Clonidine on March 30, 2018, such dissatisfaction does not amount to a finding that Defendant Blum's treatment regimen was "blatantly inappropriate." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.") (internal quotations omitted). Defendant Blum took action to address Plaintiff's high blood pressure immediately, and also sought to address Plaintiff's complaint that he had not been receiving his medication. Clearly, Defendant Blum did not ignore a substantial risk to Plaintiff's health. There is also no evidence that Plaintiff's blood pressure remained high or uncontrolled after Plaintiff saw Defendant Blum. Defendant Blum is therefore entitled to summary judgment.

## Conclusion

Based on the foregoing, Defendant Blum's Motion for Summary Judgment on the Merits (Doc. 42) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendant Bobby Blum and against Plaintiff Antoine Washington.

Page **5** of **6**

**IT IS SO ORDERED.**

**DATED: August 26, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**